## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JAY FOLSE,

                    Plaintiff,

v.                                          CIVIL ACTION NO.   2:19-cv-00488

WEST VIRGINIA UNIVERSITY, *et al.*,

                    Defendants.

### PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff Jay Folse ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 and West Virginia state law, alleging that he was unlawfully prevented from attending a public meeting of the WVUBOG at the Summit Bechtel Reserve in Fayette County, West Virginia, on June 20, 2019.  (ECF No. 1.)  Before this Court is the motion to dismiss filed by Defendants West Virginia University ("WVU"), West Virginia University Board of Governors ("WVUBOG"), William Wilmoth ("Wilmoth"), West Virginia University Police Department ("WVUPD"), John Doe WVU Police Officer #1, and John Doe WVU Police Officer #2 (collectively, "Defendants").  (ECF No. 6.)  For the reasons explained more fully herein, the undersigned respectfully **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 6) be **GRANTED IN PART** as to Plaintiff's 42 U.S.C. § 1983 claims

and that Plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

## I.   *LEGAL STANDARD*[1]

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).   However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face."   *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.   Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'"   *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).   A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss.   *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of

---

[1] Although Defendants style their motion as a motion to dismiss or, in the alternative, a motion for summary judgment (ECF No. 6), the motion is evaluated only as a motion to dismiss.   Accordingly, the additional documents attached to the parties' briefs were not considered.

truth." *Iqbal*, 556 U.S. at 679.   This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.*   Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

## II.     ANALYSIS[2]

### A. Eleventh Amendment Immunity

Defendants first argue that Plaintiff's claims against them should be dismissed because they are entitled to Eleventh Amendment immunity.   (ECF No. 7 at 7–8.)   The Eleventh Amendment shields states, state agencies, and state officials acting in their official capacities from suits for money damages in federal court.   *Adams v. Ferguson*, 884 F.3d 219, 224–25 (4th Cir. 2018); *Lee-Thomas v. Prince George's Cty. Pub. Schs.*, 666 F.3d 244, 248 (4th Cir. 2012).   Defendants contend that they are either state agencies or state officials sued in their official capacities.   (ECF No. 7 at 7–9.)   Plaintiff agrees that WVU, WVUBOG, and WVUPD "are a part of state government."   (ECF No. 10 at 10.)

However, Plaintiff argues that the WVUPD officers were not acting in their official capacities because they were "out of their jurisdictional area" and that Wilmoth is not

---

2 Defendants' motion to dismiss requests dismissal of all of Plaintiff's claims against them.   (ECF Nos. 6, 7.)   However, the undersigned addresses the parties' arguments only with respect to Plaintiff's federal 42 U.S.C. § 1983 claims.

entitled to Eleventh Amendment immunity because he "acted in an unconstitutional manner." (*Id.* at 11.) An action against a state official in his official capacity "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Adams*, 884 F.3d at 225 (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1985)). As such, the distinction between official capacity and individual or personal capacity "is 'best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury.'" *Id.* (quoting *Hafer v. Melo*, 502 U.S. 21, 26 (1991)). To determine whether a state official is entitled to Eleventh Amendment immunity, "the most important consideration is whether the state treasury will be responsible for paying any judgment that might be awarded." *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014) (quoting *Ram Ditta ex rel. Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987)). If by suing a state official in his official capacity the plaintiff means to recover money damages from the state as opposed to the official himself, the Eleventh Amendment bars that suit. *See Adams*, 884 F.3d at 226 ("Adams sued Ferguson in her personal capacity and seeks to recover only from her, not from the Commonwealth of Virginia. Eleventh Amendment absolute immunity does not bar the suit."). Here, Plaintiff has sued Wilmoth and the WVUPD officers in both their personal and official capacities. (ECF No. 1 at 1; ECF No. 10 at 11.) He requests money damages. (ECF No. 1 at 4.) It is thus clear that Plaintiff sued Wilmoth and the WVUPD officers in their official capacities in an attempt to recover money damages from the state. The Eleventh Amendment prohibits such actions. *Adams*, 884 F.3d at 224–25.

Plaintiff further argues that Wilmoth and the WVUPD officers are subject to the Ex Parte *Young* exception to Eleventh Amendment immunity. (ECF No. 10 at 9–10.)

This exception "permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law, on the rationale that such a suit is not a suit against the state for purposes of the Eleventh Amendment." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (citing Ex parte *Young*, 209 U.S. 123, 159–60 (1908)).   Plaintiff's only request for non-monetary relief in this case is for a declaration that "Defendants [are] in violation of the Open Governmental Proceedings Act," a West Virginia *state* law.   (ECF No. 1 at 4.)   As such, the Ex parte *Young* doctrine does not apply here.[3]

Relatedly, Defendants assert that Plaintiff's § 1983 claims against them are barred because state agencies are not "persons" who may be sued under § 1983.   (ECF No. 7 at 15.)   Indeed, "[t]o state a claim under § 1983 a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'"   *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)).   The meaning of the term "person" as it is used in the statute "does not include the sovereign."   *Va. Office for Prot. & Advocacy v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005); *id.* ("[A] state is not a 'person' for purposes of determining who can be sued under § 1983." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989))).   This is in part because "in enacting § 1983, Congress did not intend to override [Eleventh Amendment] immunities."   *Will*, 491 U.S. at 67.   Put another way,

---

[3] Throughout his response brief, Plaintiff states that he will amend his complaint to add claims stemming from another similar incident that occurred outside of this District in Morgantown, West Virginia, and to request injunctive relief.   (ECF No. 10 at 3, 5, 9, 10, 11.)   Plaintiff has not moved this Court for leave to amend his complaint, and he cannot do so through his response brief.   *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("[P]arties cannot amend their complaints through briefing or oral advocacy.").   As such, the undersigned has not considered the allegations Plaintiff represents that he will make in his as-yet nonexistent amended complaint.

if a defendant is entitled to Eleventh Amendment immunity, it is likewise not a "person" who may be sued under § 1983.   *Id.* at 70; *Harter v. Vernon*, 101 F.3d 334, 338 n.1 (4th Cir. 1996) ("[I]f the Eleventh Amendment applies, the entity or official is not a person under § 1983.").

Accordingly, the undersigned **FINDS** that WVU, WVUBOG, WVUPD, Wilmoth in his official capacity, and the WVUPD officers in their official capacities are entitled to Eleventh Amendment immunity with respect to Plaintiff's § 1983 claims against them and are likewise not "persons" who may be sued under § 1983.

B.  *Qualified Immunity*

Wilmoth and the WVUPD officers also argue that they are entitled to qualified immunity with respect to Plaintiff's claims against them in their personal capacities. (ECF No. 7 at 11–14.)   "Qualified immunity protects officials who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful."   *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 537–38 (4th Cir. 2017) (internal quotation marks omitted).   To determine whether a state official is entitled to qualified immunity, this Court first "identif[ies] the specific right that the plaintiff asserts was infringed by the challenged conduct."   *Id.* at 538 (quoting *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc)).   This Court then considers, in either order, "whether a constitutional violation occurred and whether the right violated was clearly established at the time of the official's conduct."   *Id.* (internal quotation marks omitted).   If this Court's conclusion is dispositive with respect to one prong, it "need not reach" the other prong.   *Raub v. Campbell*, 785 F.3d 876, 881 (4th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 242 (2009)).

Here, Plaintiff alleges that his constitutional rights were violated when he was forcibly removed from a WVUBOG meeting after refusing to leave.   (ECF No. 1 at 2–3.) But even if Defendants' conduct ran afoul of Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures, as Plaintiff claims (*id.* at 3), the right to not be forcibly removed from a meeting after refusing to leave was not "clearly established" at the time the incident occurred.   "A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right."   *Booker*, 855 F.3d at 538 (internal quotation marks omitted). In short, there must be "a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment."   *White v. Pauly*, 137 S. Ct. 548, 552 (2017); *Safar v. Tingle*, 859 F.3d 241, 247 (4th Cir. 2017).   Although the case need not be "directly on point for a right to be clearly established, existing precedent must have placed the . . . constitutional question beyond debate."   *White*, 137 S. Ct. at 551 (internal quotation marks omitted).   And only cases from the United States Supreme Court, the Fourth Circuit Court of Appeals, or the West Virginia Supreme Court of Appeals are relevant to that determination here.   *Thompson v. Virginia*, 878 F.3d 89, 98 (4th Cir. 2017) ("To determine if the right in question was clearly established, we first look to cases from the Supreme Court, this Court of Appeals, or the highest court of the state in which the action arose." (citing *Owens* ex rel. *Owens v. Lott*, 372 F.3d 267, 279 (4th Cir. 2004))).

The undersigned has been unable to find such a case in which an officer has been held to have violated an individual's *Fourth* Amendment rights by preventing him from attending a meeting.   If anything, the relevant case law suggests that Wilmoth and the WVUPD officers were authorized to remove Plaintiff from the meeting after he refused to leave.   *See Steinburg v. Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 387–88 (4th

Cir. 2008) (affirming grant of summary judgment on First Amendment claim to county commissioners who ordered that officer escort plaintiff out of public meeting); *Collinson v. Gott*, 895 F.2d 994, 1002–03 (4th Cir. 1990) (Phillips, J., concurring) (determining that county commissioner entitled to qualified immunity on First Amendment claim for excluding plaintiff from public meeting when he was declared "out of order").   Indeed, the relevant case law generally permits the use of force in order to restrain an uncooperative individual.   *Estate of Armstrong* ex rel. *Armstrong v. Village of Pinehurst*, 810 F.3d 892, 901 (4th Cir. 2016) ("Noncompliance with lawful orders justifies some use of force . . . ."); *Mensh v. Dyer*, 956 F.2d 36, 40 (4th Cir. 1991) (deeming it reasonable for officers to "physically restrain[]" suspect who was "failing generally to comply with police orders"); *see Graham v. Connor*, 490 U.S. 386, 396 (1989) ("[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or the threat thereof to effect it.").   And the amount of force appropriate in a given situation is measured "from the perspective of a reasonable officer on the scene."   *Plumhoff v. Rickard*, 572 U.S. 765, 775 (2014) (internal quotation marks omitted).   All of this, taken together, indicates that it was not clearly established on June 20, 2019, that Wilmoth and the WVUPD officers violated Plaintiff's rights by forcibly removing him from a meeting after he refused to leave.

Plaintiff makes much of his allegations that the WVUPD officers were acting outside their jurisdiction and that the WVUBOG unlawfully entered an executive session. (*See* ECF No. 10 at 5–6, 13–14, 17–18.)   But a violation of state law—even assuming such a violation occurred here—does not itself rise to a federal constitutional violation.   *See Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 145 (4th Cir. 2014) ("Conduct violating state law without violating federal law will not give rise to a § 1983 claim." (citing

*United States v. Van Metre*, 150 F.3d 339, 347 (4th Cir. 1998))).   Similarly, "a lack of state statutory authority to make an arrest" does not "constitute[] a *per se* violation of the Fourth Amendment."   *United States v. Atwell*, 470 F. Supp. 2d 554, 573 & n.22 (D. Md. 2007); *see Virginia v. Moore*, 533 U.S. 164, 171 (2008) (explaining that state law does not affect the Fourth Amendment reasonableness analysis).   Plaintiff's allegations that Defendants violated West Virginia law are largely immaterial to whether Wilmoth and the WVUPD officers are entitled to qualified immunity with respect to Plaintiff's § 1983 claims.

Accordingly, the undersigned **FINDS** that qualified immunity shields Wilmoth and the WVUPD officers from liability for Plaintiff's § 1983 claims against them in their personal capacities.

## C. *Supplemental Jurisdiction over State-Law Claims*

Having determined that Defendants' motion to dismiss should be granted as to Plaintiff's § 1983 claims, the undersigned must address Plaintiff's remaining claims, which are brought under West Virginia state law.   (ECF No. 1 at 3.)   Where, as here, "the district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over related state-law claims.   28 U.S.C. § 1367(c)(3); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012).   This is appropriate even though some of Plaintiff's state-law claims parallel his § 1983 claims. *Delk v. Moran*, No. 7:16-cv-00554, 2018 WL 1513296, at *9 n.5 (W.D. Va. Mar. 27, 2018).

Moreover, it is apparent that Plaintiff's state-law claims are more suitably brought in state court because the crux of this action is that Plaintiff was removed from a meeting at which he argues he had a state-law right to be present.   (ECF No. 1 at 2; *see* ECF No. 10 at 1–2, 12.)   A district court may also decline to exercise supplemental jurisdiction

when a plaintiff's state-law claims "predominate[] over" the federal claims.   28 U.S.C. § 1367(c)(2); *see Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008) (declining to exercise supplemental jurisdiction because plaintiff's "claim is basically one of conversion, trespass to chattels, or violation of Maryland's code of criminal procedure" and "a state law claim dressed up in due process clothing").   And because this case was initially filed in federal court, the proper course is to dismiss the state-law claims. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) ("[A] court may dismiss the claim or, if it was removed, remand it to State court.").

Accordingly, the undersigned **FINDS** that it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and to dismiss them without prejudice.

### III.   RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (ECF No. 6) be **GRANTED IN PART** as to Plaintiff's 42 U.S.C. § 1983 claims and that Plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the

presiding District Judge for good cause shown.   Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER:      September 27, 2019

Dwane L. Tinsley
United States Magistrate Judge